827 F.2d 771
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William R. YEE, Plaintiff-Appellant,
v.
B. Ward SMITH, et al. Defendants-Appellees.
 No. 86-1437.
 United States Court of Appeals, Sixth Circuit.
 Aug. 28, 1987.
 
 On Appeal from the United States District Court for the Eastern District of Michigan.
 Before LIVELY, Chief Judge, KEITH, Circuit Judge, and DOWD, District Judge.*
 PER CURIAM.
 
 
 1
 The plaintiff appeals from an order of the district court granting the defendants' motion to dismiss for failure to state a claim upon which relief may be granted. Petitioner is a licensed psychiatrist in Michigan who was a member of the medical staff of Heritage Hospital, which is operated by People's Community Hospital Authority. In July 1981 his patient was admitted to the mental health unit of Heritage Hospital and plaintiff ordered the staff to provide oxygen to her bedside for usage she, the patient, requested. This order violated an admission policy of the mental health unit of Heritage Hospital which did not allow oxygen tanks, hoses and gauges to be left unsupervised in the psychiatric unit for safety reasons. The nursing staff challenged plaintiff's order, but plaintiff refused to compromise and was subsequently issued a letter from the hospital's executive committee, stating that he had disregarded department directives and requesting that he observe rules and regulations of the mental health unit in the future. No formal action was taken against plaintiff and his medical privileges remained intact. Plaintiff appealed the action of the executive committee through two administrative levels. His medical staff privileges at Heritage Hospital have never been limited, suspended or revoked since their initial grant in 1978. Eighteen months after the incident with the patient, plaintiff was appointed chief of the Department of Psychiatry at Heritage Hospital, thereby becoming a member of the executive committee. He resigned that position in July 1984 and filed this action.
 
 
 2
 In this civil action plaintiff sought relief pursuant to federal antitrust statutes, 42 U.S.C. Sec. 1983 (citing first, fifth and fourteenth amendment violations), libel and slander and violation of the Rehabilitation Act of 1973. Some defendants filed motions for summary judgment and others filed motions to dismiss for failure to state a claim. After conducting a hearing and reviewing extensive briefs and documentations, the district court entered an order dismissing all of the claims, either for failure to state a claim, for lack of standing or on the ground that pendent state claims should be dismissed upon a finding of no cause of action with respect to the federal claims.
 
 
 3
 After examination of the briefs and record this panel is of the unanimous opinion that oral argument is not needed in this case. Rule 34(a), Federal Rules of Appellate Procedure; Rule 9(b)(3), Rules of the Sixth Circuit. Upon consideration of the briefs of the parties together with the record on appeal this court concludes that the district court did not err in dismissing this action. As pointed out, no formal action was ever taken against the plaintiff and his medical privileges remained intact. All that any defendant did was to cause a letter to be written to the plaintiff stating that he had disregarded directives of the hospital and requesting that he observe the rules and regulations in the future. Under this set of facts, the plaintiff stated no claim upon which relief could have been granted by the district court. The provisions of Rule 12(b)(6), Federal Rules of Civil Procedure, relating to the consideration of matters outside the pleading were observed and dismissal was the proper response.
 
 
 4
 Although the plaintiff proceeded pro se in this action, he represents that he has been admitted to practice law in Michigan. As an attorney, he had an obligation to this court to abide by its rules and requirements with respect to an appendix, which he has not done. In any future appearance before this court, the court will consider sanctions if the plaintiff violates any of its rules of practice.
 
 
 5
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable David Dowd, Judge, United States District Court for the Northern District of Ohio, sitting by designation